OPINION
On September 15, 1999, Cincinnati Police Officer Brent McCurley was running laser checks on vehicles headed eastbound on Hopple Street. Defendant-appellee, Marvin Murrell, was clocked by Officer McCurley at forty-nine miles per hour. Since this exceeded the posted speed limit of thirty-five miles per hour, he pulled out behind Murrell and executed a routine traffic stop. Murrell was very cooperative with Officer McCurley and displayed no signs of criminal activity.
Officer McCurley took Murrell's information and returned to the police cruiser to run the routine queries through the police computer. The information displayed to Officer McCurley revealed that Murrell had an outstanding warrant for the offense of nonsupport of dependents. Consequently, Officer McCurley arrested Murrell and placed him in the back seat of the police cruiser.
After Murrell was secured inside the police cruiser, Officer McCurley, without probable cause to believe there was any contraband and without permission from Murrell, conducted a search of the passenger compartment of Murrell's vehicle. On the floorboard in front of the driver's seat, McCurley discovered a small cloth bag containing five-and-a-half grams of crack cocaine and nineteen grams of powdered cocaine. The vehicle was then impounded.
On September 24, 1999, Murrell was indicted by the Hamilton County Grand Jury on two counts of possession of cocaine in violation of R.C. 2925.11(A). Murrell, on October 27, 1999, filed a motion to suppress the cocaine found in his vehicle, arguing that Officer McCurley had lacked probable cause to search the vehicle once Murrell had been arrested and secured inside the police cruiser. A suppression hearing was held on November 19, 1999, and on February 10, 2000, the trial court journalized an entry granting Murrell's motion. The matter is now before this court on the state's appeal from that entry.
In its sole assignment of error, the state argues that the trial court wrongly granted Murrell's motion to suppress, because the search of Murrell's vehicle was a search incident to a lawful arrest, which did not require probable cause as an underlying predicate. We agree.
In New York v. Belton (1981), 453 U.S. 454, 101 S.Ct. 2860, the United States Supreme Court held that a contemporaneous search incident to the arrest of an occupant of an automobile may extend to the passenger compartment of that vehicle and to any containers found therein. In State v. Brown (1992), 63 Ohio St.3d 349, 353,588 N.E.2d 113, 116, the Ohio Supreme Court limited the Belton
warrantless-search exception in Ohio when it held that "[a] police officer may not open a small, closed container found inside an automobile's glove compartment solely as a search incident to the driver's arrest for a traffic violation, after the officer has the suspect — and sole occupant of the vehicle — under control in the police cruiser." However, the decision in Brown is limited in its holding to an arrest for a traffic violation only. See State v.Pugh (Aug. 11, 2000), Hamilton App. No. C-990867, unreported. Since Murrell's arrest was based upon an open warrant for the nonsupport of dependents, we hold that Officer McCurley's search of the passenger compartment of Murrell's vehicle and of the bag found in front of the driver's seat on the floorboard was lawful. The state's assignment of error is sustained.
Therefore, the trial court's order granting Murrell's motion to suppress is reversed, and this cause is remanded to the trial court for further proceedings consistent with the law and with this Opinion.
Hildebrandt, P.J., and Doan, J., concur.